# UNITED STATES DISTRICT COURT
for the
District of Arizona

Phoenix Division

| | | |
|---|---|---|
| Carmen Lucero Martinez | ) | Case No. CV21-00772-PHX-DWL |
| | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Jury Trial: *(check one)*  ✔ Yes  ☐ No |
| -v- | ) | |
| Luis Galindo | ) | |
| Nichole Campbell | ) | |
| Jacqueline Mah | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Carmen Lucero Martinez |
   | Street Address | 803 W. Sunland Ave |
   | City and County | Phoenix Maricopa County |
   | State and Zip Code | Arizona 85041 |
   | Telephone Number | 602-295-8813 |
   | E-mail Address | mahonri91@yahoo.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Luis Galindo |
| Job or Title *(if known)* | UPS Human Resources Manager |
| Street Address | 16601 W. Sells Dr |
| City and County | Goodyear Maricopa |
| State and Zip Code | Arizona 85395 |
| Telephone Number | (623) 536-3930 |
| E-mail Address *(if known)* | Lxgalindo@ups.com |

Defendant No. 2

| | |
|---|---|
| Name | Nichole Campbell |
| Job or Title *(if known)* | UPS Human Resources Manager |
| Street Address | 16601 W. Sells Dr. |
| City and County | Goodyear Maricopa |
| State and Zip Code | Arizona 85395 |
| Telephone Number | (623) 536-3930 |
| E-mail Address *(if known)* | nlcampbell@ups.com |

Defendant No. 3

| | |
|---|---|
| Name | Jacqueline Mah |
| Job or Title *(if known)* | F/T Human Resources Supervisor |
| Street Address | 16601 W. Sells Dr |
| City and County | Goodyear, Maricopa |
| State and Zip Code | Arizona 85395 |
| Telephone Number | (623) 536-3930 |
| E-mail Address *(if known)* | jmah@ups.com |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | UPS |
| Street Address | 1975 E. Wildermuth Ave |
| City and County | Tempe Maricopa |
| State and Zip Code | Arizona 85281 |
| Telephone Number | (623) 536-3930 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [x] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
May 23, 2018

C. I believe that defendant(s) *(check one)*:
- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race _____
- [ ] color _____
- [x] gender/sex   pregnancy
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)* _____

E. The facts of my case are as follows. Attach additional pages if needed.

I was hired by the above-named respondent on August 28, 2000 as a package handler. Five years later I was promoted to part time supervisor within the HR Department. I dedicated 13 years in HR while rasing my children and pursuing a degree in HR. As a single parent I relied on the company's initiatives regarding work life balance. My final role in Human Resources was as a p/t supervisor under community relations. Upon information and belief, I performed my duties at or above satisfactory levels at all times.

(Continued in the attached documents)

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

March 14, 2019

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 02/01/2021  .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The relief I am seeking is in the amount of $300,000 (The amounts listed below are estimates do not include overtime pay that would have been received, yearly raises, or relief for the termination I faced at a later date)

| | |
|---|---|
| Loss of yearly income due to the forced transfer (compared to previous years) | $7,100 |
| Loss of two months worth of work (unpaid leave due to work related illness & stress) | $5,600 |
| Loss in Wages incurred over 20 years (if promoted vs remaining part time) | $104,400 |
| Income for unpaid work doing Community Relations - | $22,900 |
| Emotional harm, inconvinience, loss of enjoyment of life | $160,000 |

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/30/2021

Signature of Plaintiff

Printed Name of Plaintiff: Carmen Lucero Martinez

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Prior to taking my last maternity leave I was on leave due to a domestic violence incident and when I returned it is my belief that Ms. Mah was trying to replace me with J. Collins. Around March of 2018, a few months after returning from maternity leave my supervisor Ms. Mah stated that she was relocating to the Phoenix facility and was taking community (my job at the time) with her. Ms. Mah knew that my childcare was in Gilbert and because I reside in South Phoenix I expressed concern relocating as I had already been working in Tempe for the past year and it would create a financial hardship working a part-time job. She stated that I had to relocate or look for other opportunities. I then requested to her manager Mr. Galindo if I could remain in Tempe due to my situation . Mr. Galindo approved me to remain in Tempe and continue my responsibilities.

In May 2018, I applied for an open position for F/T HR specialist for the Goodyear location. I Interviewed with Mr. Galindo (HR Manager) and J. Ferentheil (F/T Supervisor) on or about May 21, 2018. During that interview there was no discussion on the exact schedule but that did not matter; as a full time specialist I would have been able to work any schedule since I would not have any financial concerns. Shortly afterwards, I met with Mr Galindo (HR Manager) and was told that I was not selected for the position. Upon information and belief, the person selected was less qualified than I and also had less tenure in comparison to me. After this individual was promoted into the specialist position, her official job title was changed to F/T HR Specialist-Community Relations. There was no prior indication that the job I did for 7 years as a part time employee was going to become a full time specialist position. As the community representative, the job was very flexible considering it involved a lot of unpaid work mostly on the weekends, which was a requirement to get the job done. The specialist position I interviewed for essentially replaced my position. The individual hired was also accommodated by taking numerous breaks and was allowed flexed start times (scheduled to start at a later time) as an administrative assistant. Upon being informed of not being selected, Mr. Galindo stated that I would work a different shift (Day Sort) within the same department in Phoenix. When I expressed concern with the hours, Mr. Galindo implied that If I couldn't work those hours I would have to leave the department. Mr. Galindo and my immediate supervisor Ms. Mah, knew that I was not available to work those hours and when Mr. Galindo approved me to stay in Tempe as the community rep during the afternoon/evening hours I agreed to travel to phoenix a couple times a week to meet with Ms. Mah. The community job did not require me to work side by side with my supervisor.

The next day I spoke to Mr. Galindo and asked for clarification about my current position as it was not discussed during the follow up or any time before that. He informed me that he felt the job had developed me enough and he wanted to give someone else the opportunity to get developed. When I questioned him about asking me to work a different schedule, knowing I couldn't he stated that they felt like they had accommodated me enough and even suggested looking into childcare with United Way (not the first incident in which I was told to look into United Way for child care). Mr. Galindo told me to speak to Ms. Campbell about working evening hours in Tempe. I talked to Ms. Campbell about my discussion with Mr. Galindo and told her I could work in Tempe during the evening/early morning hours, which is common practice and she did not respond and even ignored the fact that I asked. This was surprising being that there was no one in that position. For the past year I had already been taking care of that locations hiring needs along with the community responsibilities. The p/t supervisor that was moved to Tempe and who accommodated both shifts resided in Litchfield and was struggling with her responsibilities. Prior to her there was a full time specialist in that job. I expressed my concerns about losing out on a promotion because I had just recently given birth and was also being forced to move out of the department. Ms. Campbell stated that I was taking my conversation with Mr. Galindo personal and that "The business needs of the company have changed and you are no longer available for those needs".

Upon information and belief, this was done in retaliation for my complaints against Ms. Mah, because she was trying to force me to relocate but instead I was approved to remain in Tempe in my current position.

I accepted that they no longer wanted me in the department so I made my own arrangements to remain in Tempe in the operations as an operations p/t supervisor, which is what was going to happen anyway. Upon information and belief, no part-time supervisors have been forced to move to different locations or change shifts within the department or other departments unless they request it. Moving part-time supervisors like that is not common practice unless their performance is struggling, and this was confirmed by L. Ortega (Labor Manager). I also asked D. Robles (F/T HR Supervisor) if Ms. Dalley, who was selected for the specialist position, was a better more qualified candidate for the position then I was, and he stated that she was not.

EEOC Form 161 (11/2020)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carmen L. Martinez<br>803 W Sunland Ave<br>Phoenix, AZ 85041 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2019-01708 | Brian Gorecki,<br>Investigator | (702) 553-4465 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Brian Gorecki
*Digitally signed by Brian Gorecki
DN: cn=Brian Gorecki, o=EEOC, ou=Enforcement, email=brian.gorecki@eeoc.gov, c=US
Date: 2021.01.28 12:51:58 -08'00'*

On behalf of the Commission

for

Enclosures(s)   Tamara M. West,
Local Office Director   *(Date Issued)*

cc:   David Barton, Attorney
UPS
c/o BurnsBarton PLC
2201 East Camelback Road, Suite 360
Phoenix, AZ 85016